[No. G018933. Fourth Dist., Div. Three. Mar. 16, 1998.]

AFTIM K. SABA, Plaintiff and Respondent, v.
JOHN CRATER, Defendant and Appellant.

**COUNSEL**

Robert S. Lewin for Defendant and Appellant.

Daehnke & Cruz, Kevin J. Daehnke, William J. Moran and J. Craig Williams for Plaintiff and Respondent.

**OPINION**

**RYLAARSDAM, J.**—Defendant's lawyer purported to make an oral offer to compromise pursuant to Code of Civil Procedure section 998 (all further statutory references are to the Code of Civil Procedure) on the record of a deposition. The offer was never reduced to writing; nonetheless, plaintiff attempted to accept the offer in writing and sought to have it enforced by the

court. The trial court resolved a dispute concerning the terms of the offer, held that the offer and acceptance were valid and entered judgment. We reverse, holding that section 998 requires a written offer, and the section does not authorize the trial court summarily to resolve a dispute concerning the terms of the offer unless the offer and acceptance meet the requirements of section 664.6.

## FACTS

John Crater and Jerry Lehman contracted to acquire their partner Aftim K. Saba's interest in the partnership. Subsequently, a dispute arose and Saba sued Crater and Lehman for fraud; Crater and Lehman cross-complained. The parties agreed certain issues in Saba's complaint should be resolved by an accounting. The referee who conducted the accounting found that approximately $11,000 was owed to Saba under the contract.

Later, during a break in a deposition, Crater's lawyer stated he intended to make a "998 offer" for the amount the referee had determined was owed under the contract. Saba's lawyer stated he thought a "998 offer" must be in writing. The lawyers discussed the terms of the offer off the record and then, on the record, Crater's lawyer stated: "First of all, I will follow-up with a formal written letter to you, but I want to make an offer under CCP section 998. And I'm intending by putting it on the record that that will qualify for the code requirements. [¶] But in any event the offer is for full payment of the principal amount determined by [the referee], which would be 10 percent of the amount that he found and that would be $11,000 and change, plus legal interest from the date of filing of your complaint, whatever that calculates out to be."

After the deposition, Saba's lawyer unsuccessfully attempted to obtain a formal written offer. He then served a written acceptance, stating he waived "any purported deficiencies in the CCP section 998 offer . . . placed on the record at Mr. Lehman's deposition . . . ." Crater's lawyer objected, in writing, to the purported acceptance.

Saba thereafter made a motion to have judgment entered pursuant to section 998. The parties disagreed about the terms of the proposed settlement agreement, disputing whether the offer included attorney fees. After considering evidence as to the intent of the parties, the court ruled a valid section 998 offer had been made and accepted, that the offer did not include attorney fees and ordered judgment entered in favor of Saba in the amount of the offer plus approximately $16,800 in attorney fees and costs. Crater appeals.

## DISCUSSION

█ Section 998, subdivision (b) provides: "Not less than 10 days prior to commencement of trial, . . . any party may serve an offer in writing upon

any other party to the action to allow judgment to be taken . . . in accordance with the terms and conditions stated at that time. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." Crater contends the offer made orally at the deposition did not constitute a writing and is therefore unenforceable under section 998. Saba argues the trial court was correct in determining Crater had waived any deficiencies.

Our courts have not addressed whether an oral recorded statement satisfies the requirement of a writing under section 998. They have, however, addressed a similar issue in the context of a section 664.6 stipulation for settlement. Under that section, "[i]f parties to a pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. . . ." Oral statements made on the record at a deposition subsequently transcribed by a certified court reporter do not qualify as such a writing. (See *City of Fresno* v. *Maroot* (1987) 189 Cal.App.3d 755, 761 [234 Cal.Rptr. 353]; *Datatronic Systems Corp.* v. *Speron, Inc.* (1986) 176 Cal.App.3d 1168, 1172 [222 Cal.Rptr. 658].) We fail to find a reason to interpret the requirement there be a writing under section 998 differently from the same requirement under section 664.6 and therefore hold the statement placed orally on the record does not satisfy the requirement that a section 998 demand be in writing.

The judgment suffers from another defect. The parties disagreed on the terms of the settlement, specifically whether the offer included attorney fees. The trial court purported to adjudicate this dispute, heard evidence as to the intent of the parties and found the offer did not include such fees. Section 998 does not grant the court the authority to adjudicate such a dispute. The entry of judgment pursuant to section 998 is merely a ministerial act which may be performed by the clerk of the court. This is another reason a formal written offer and acceptance are required; the clerk could hardly resolve the kind of dispute which confronted the court here.

The trial court apparently applied procedures available under section 664.6 to a motion under section 998. Section 664.6 provides, "[t]he court, upon motion, may enter judgment pursuant to the terms of the settlement." This allows the court to resolve disputes regarding the terms of the settlement. (*Malouf Bros.* v. *Dixon* (1991) 230 Cal.App.3d 280, 284 [281 Cal.Rptr. 235].) There is no such provision in section 998. Under that section, the clerk or judge merely enters judgment following the filing of a written acceptance of the offer. Before courts may resolve disputes concerning the

terms of a settlement under section 664.6, the settlement must have been entered "orally before the court" or be in writing. Since neither condition was satisfied here, the court lacked the authority to resolve the parties' dispute concerning the terms of the settlement in the summary fashion contemplated by section 664.6.

The judgment is reversed, appellant to recover his costs on appeal.

Sonenshine, Acting P. J., and Bedsworth, J., concurred.