[No. G029720. Fourth Dist., Div. Three. Nov. 15, 2002.]

VALERIE BIAS, Plaintiff and Appellant, v.
MICHELLE D. WRIGHT, Defendant and Respondent.

812

## Counsel

Mitchell A. Shapiro and Gina Linthicum for Plaintiff and Appellant.

Brady, Vorwerck & Ryder, Robert B. Ryder and Ravi Sudan for Defendant and Respondent.

## OPINION

**FYBEL, J.**—Plaintiff Valerie Bias appeals the entry of judgment under Code of Civil Procedure section 998 (all further statutory references are to the Code of Civil Procedure unless otherwise indicated). In this personal injury action, Bias served defendant Michelle D. Wright with a written offer to compromise under section 998. Wright claims Bias's offer was orally accepted on her behalf. Later that same day, Wright faxed to Bias a written confirmation of the oral acceptance entitled "notice of acceptance." Although Bias's offer was silent as to costs, Wright's notice of acceptance imposed the added condition that the parties bear their own costs. Wright filed that notice as proof of acceptance of Bias's offer. Wright moved to enforce the purported settlement agreement under section 998, and after hearing argument and receiving evidence, the trial court granted Wright's motion and entered judgment.

We conclude the trial court erred by granting Wright's motion and entering judgment; therefore, we reverse. We hold: (1) undisputed oral acceptance of a section 998 offer followed by written proof of acceptance is permitted unless the offer requires another mode of acceptance; (2) purported oral acceptance evidenced by written notice of acceptance that includes an additional term not present in a section 998 offer does not communicate an absolute and unequivocal acceptance of the offer as required by Civil Code section 1585; and (3) under section 998, a trial court or clerk may not adjudicate a factual dispute over the terms of a settlement agreement and enter judgment.

## I. FACTS

On November 28, 2000, Bias served a section 998 offer on Wright, which stated: "Plaintiff, VALERIE BIAS, hereby offers to compromise Plaintiff's claim against Defendant, MICHELLE D. WRIGHT, pursuant to the provisions of *Code of Civil Procedure* Section 998 and Civil Code Section 3291, for the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00). [¶] If this offer is not accepted prior to trial or within thirty (30) days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon trial. [¶] If this offer is not accepted, Plaintiff shall seek to recover from Defendant her costs for the service of expert witnesses actually incurred and reasonably necessary in either or both the preparation or trial of

the case by the Plaintiff, and all sums shall bear interest at the legal rate of 10% per annum calculated from the date of Plaintiff's Statutory Offer to Compromise." The offer did not state the manner in which the acceptance had to be communicated.

Bias and Wright extended the time that Wright could accept the offer through January 4, 2001. On January 4, Wright's attorney, Bryson, instructed his secretary, Snyder, to call Bias's attorney and inform him that Wright accepted the offer. According to Wright, Snyder called Bias's attorney that same day and told him that Wright accepted Bias's section 998 offer. Bias's attorney told Snyder that "it was okay" and asked Snyder to send a written confirmation of the acceptance. (Although Bias suggested at oral argument that her attorney, Sheaks, filed a declaration denying his office received a call from Snyder on January 4 regarding the section 998 offer, the record does not contain such a denial. Instead, Sheaks's supplemental declaration stated his office did not receive a telephone call from Snyder or anyone else communicating an "unqualified acceptance of plaintiff's 998 offer.")

Snyder called Bryson and told him that Bias's attorney requested written confirmation of Wright's acceptance of the offer. Bryson instructed Snyder to prepare a notice of acceptance based on the format used in another case and give it to associate Millane to sign on behalf of Wright. Snyder prepared a notice of acceptance of the offer and gave it to Millane. Snyder faxed the notice signed by Millane to Bias's attorney on January 4.

The notice of acceptance stated in relevant part: "MICHELLE D. WRIGHT, defendant herein, hereby accepts the Offer to Compromise to allow a judgment to be entered in plaintiff's favor and against said defendant for the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), each party to bear their own respective costs." Wright served a proof of service of the notice of acceptance on Bias's counsel, with a copy of the notice attached.

On January 5, Bryson contacted Sheaks to obtain information he needed to prepare the settlement check. Sheaks told Bryson that Wright had not accepted Bias's offer because the notice of acceptance added the term "each party to bear their own respective costs." Bryson told Sheaks that Wright had accepted Bias's offer and that Wright agreed to pay Bias's allowable costs.

Wright's notice of acceptance was filed with the court on January 8. The clerk did not enter judgment. Wright filed a notice of settlement on January 16. At a mandatory settlement conference on February 2, Sheaks told the

trial court that the parties had not settled the case. The court set a status conference and issued an order to show cause regarding dismissal of the case. It appears that the section 998 offer itself was filed February 6.

On April 24, Wright moved for an order enforcing the alleged settlement agreement under section 998 and requested that judgment be entered. Wright submitted the declarations of Bryson and Snyder, as well as copies of Bias's offer and the notice of acceptance. That same day, Wright's counsel served Bias with an amended notice of acceptance of Bias's offer, which did not include a reference to costs.

Bias's opposition to Wright's motion included Sheaks's declarations, stating that he drafted Bias's offer with the intention she would recover her costs in addition to the sum of $15,000, and that Snyder did not verbally communicate an unqualified acceptance of Bias's offer on January 4.

After oral argument and supplemental briefing by the parties, the trial court deemed Snyder's declaration to be the proof of acceptance of Bias's offer, granted Wright's motion, and entered judgment in favor of Bias in the amount of $15,000, plus recoverable costs: "Pursuant to plaintiff's section 998 Offer to Compromise attached hereto as Exhibit 'A' and the declaration of Sherrill Snyder regarding defendant's Acceptance, attached hereto as Exhibit 'B:' [¶] It is hereby ordered, adjudged and decreed that judgment be entered in favor of plaintiff Valerie Bias against defendant Michelle D. Wright, in the amount of $15,000, plus such costs as may be provided by law." Bias appealed.

## II. Discussion

### A. *Appealability of Judgment Under Section 998*

■ Wright contends judgment entered pursuant to a section 998 settlement agreement is nonappealable. In support, Wright relies on *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658 [73 Cal.Rptr.2d 242]. In that case, the court held a clerk's order of entry of judgment was not directly appealable when the judgment was entered automatically and the trial court never considered contested issues related to the enforceability or validity of an alleged settlement agreement under section 998. (*Pazderka,* at pp. 665-668.) Under those circumstances, a party may file a motion under section 473 seeking to vacate the judgment entered by the clerk, and "[t]he trial court can then make findings when the parties submit their evidence and declarations in support of their positions." (*Pazderka,* at p. 668.)

Here, the judgment was not entered automatically by a clerk. Instead, the judgment was entered after the parties informed the trial court that a dispute

had arisen over whether an agreement under section 998 existed. Wright moved to enforce the parties' alleged agreement, both parties submitted declarations and other evidence, and hearings were held. After the court granted Wright's motion, the judgment was entered. That judgment, which incorporated the court's order granting Wright's motion, was therefore a final appealable judgment under section 904.1, subdivision (a)(1).

### B. *The Trial Court Erred by Granting Wright's Motion and Entering Judgment*

Bias contends the trial court erred by granting Wright's motion and entering judgment on the following grounds: (1) Wright's alleged oral acceptance of Bias's offer was ineffective because it was not in writing; (2) Wright failed to timely, absolutely and unequivocally accept Bias's offer; and (3) before granting Wright's motion and entering judgment, the trial court improperly adjudicated the terms of the parties' purported section 998 settlement agreement. We address each of Bias's arguments in turn.

#### 1. *General Principles of Offer and Acceptance Under Section 998 and Civil Code Section 1585.*

Section 998, subdivision (b)(1), provides in relevant part: "Not less than 10 days prior to commencement of trial or arbitration (as provided in Section 1281 or 1295) of a dispute to be resolved by arbitration, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."

General contract principles apply to section 998 offers and acceptances where they neither conflict with the statute nor defeat its purpose. (*T. M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338].) Civil Code section 1585 provides in part: "An acceptance must be *absolute and unqualified*, or must include in itself an acceptance of that character which the proposer can separate from the rest, and which will conclude the person accepting. A qualified acceptance is a new proposal." (Italics added.)

#### 2. *Does Section 998 Require an Acceptance to Be in Writing?*

Wright contends Bias's offer was orally accepted by Snyder on Wright's behalf as evidenced by Snyder's declaration. Section 998 expressly requires

an offer to be in writing. Bias's offer satisfied this requirement. Section 998 does not have a parallel provision expressly stating the acceptance must be in writing. Instead, section 998 provides "[i]f the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (§ 998, subd. (b)(1).) The proof of acceptance must be in writing because section 998 requires it to be filed. ▮ The remaining question is whether a party may orally accept an offer under section 998 and then file a proof of acceptance when the offer itself does not require another mode of acceptance.

In *Gray v. Stewart* (2002) 97 Cal.App.4th 1394 [119 Cal.Rptr.2d 217], the First District concluded that a party may orally accept an offer under section 998 if the offer does not require another mode of acceptance and both parties agreed to both the terms of the offer and the fact of oral acceptance. In that case, the plaintiff served the defendants with a written section 998 offer to compromise. (*Gray,* at p. 1396.) Ten days later, the defendants' counsel told plaintiff's counsel " 'we accept your 998 demand of $5,000.' " (*Ibid.*) "Gray's counsel concede[d] that the acceptance was made, was communicated in unambiguous terms, and that she heard and understood it. Nor did she attach any conditions to the acceptance or the settlement." (*Ibid.*) Although the attorneys "shook hands" on the deal, the following day, Gray decided to withdraw her section 998 offer, apparently believing that defendants' oral acceptance was ineffective. (*Gray,* at p. 1396.) The trial court granted defendants' motion for summary judgment on the grounds that Gray's action was barred by the parties' settlement under section 998. (*Gray,* at p. 1396.)

The court affirmed, stating section 998 "does not require that the acceptance be in writing nor does it specify the manner in which acceptance must be communicated. Since the process of settlement and compromise is contractual, general principles of contract law apply when they do not conflict with the statute or defeat its purpose. [Citation.] Therefore, pursuant to Civil Code section 1582, any reasonable and usual mode of communication may be used to accept a section 998 offer unless a specific mode was prescribed in the offer. [Citation.] Contract law also requires that an acceptance be communicated in a clear and unequivocal fashion. [Citation.] [¶] . . . A written acceptance is not called for here. Because the offer to compromise did not prescribe any specific mode of communication of the acceptance, the only requirement was that the acceptance be communicated in a clear and unequivocal fashion. [Citation.] Gray agrees that an acceptance of the offer was communicated, and that her counsel heard it and understood it." (*Gray v. Stewart, supra,* 97 Cal.App.4th at p. 1397.)

As a general proposition, we agree with *Gray v. Stewart* that an oral acceptance followed by a written proof of acceptance is permitted under

section 998 when the offer does not specify a mode of communicating acceptance. This conclusion results from applying basic contract principles to determine whether an offer was accepted. (*T. M. Cobb Co. v. Superior Court, supra,* 36 Cal.3d at p. 280.) However, we emphasize, as explained below, that enforcement of an oral acceptance should be limited to those cases where both parties agree the offer was accepted in an absolute and unequivocal manner.

In *Saba v. Crater* (1998) 62 Cal.App.4th 150, 153 [72 Cal.Rptr.2d 401] (*Saba*), this court addressed whether an offer under section 998 needed to be in writing and concluded it did. In *Saba,* we also noted, "This is another reason a formal written offer and acceptance are required . . . ." (*Saba,* at p. 153.) Inasmuch as *Saba* addressed enforceability of offers, and not acceptances, this passage refers to the written proof of acceptance requirement of section 998 and does not prohibit an oral acceptance. (*Gray v. Stewart, supra,* 97 Cal.App.4th 1394, 1397.)

The dispute and proceedings in this case demonstrate that oral acceptances of section 998 offers pose significant problems. Section 998 was designed to encourage settlement of disputes through a straightforward and expedited procedure. Section 998, subdivision (b)(1) provides that upon receipt of an offer and proof of acceptance, the clerk or the court should perform the ministerial task of entering judgment according to the parties' agreement. When the filed proof of acceptance relates to an oral acceptance, the effectiveness of this mechanism is substantially weakened. When a proof of acceptance refers to an oral acceptance, the clerk or the court must review the description of the acceptance in the proof of acceptance to determine whether it sufficiently describes an absolute, unqualified, timely acceptance made in the correct mode. An opposing party then may contend there actually was no oral agreement or, as here, contend the oral acceptance and written proof of acceptance were not the same.

Because the trial court and a clerk are not authorized to adjudicate a dispute over the terms of section 998 agreements before entering judgment, the additional layer of review imposed by oral acceptance permits unnecessary controversy. In view of the importance of section 998 procedures and judgments in the practice of law and the problems posed by the present statute, we urge the Legislature to revise the statute to expressly require that acceptance and proof of acceptance of a section 998 offer must be in writing. In the meantime, we suggest that parties who serve offers under section 998 state in the offers that acceptances must be in writing.

### 3. Was Wright's Acceptance of Bias's Section 998 Offer Absolute and Unqualified?

We turn to the question whether Wright absolutely and unequivocally accepted Bias's offer before the offer expired. The parties agree that the offer expired on January 4; therefore, we examine whether Wright timely accepted Bias's offer within the meaning of section 998.

Whether an acceptance under section 998 is oral or written, it must be "absolute and unqualified" as required by Civil Code section 1585. Section 998, subdivision (b)(1) further requires that proof of such an acceptance must be filed for judgment to be entered, although the statute does not require that the proof of acceptance be filed within any particular time frame. For the reasons explained below, we conclude Wright did not accept the offer in a timely, absolute and unqualified manner as required by section 998. Therefore, the trial court erred by granting Wright's motion and entering judgment.

Snyder's declaration states that on January 4, "I called plaintiff's attorney and told him that defendant Wright accepted plaintiff's section 998 offer." Even if Snyder's declaration can be construed as describing an absolute and unequivocal acceptance of Bias's section 998 offer, it conflicts with Wright's written notice of acceptance as to whether absolute and unqualified acceptance occurred.

Wright's notice of acceptance stated her acceptance was conditioned on the parties bearing their own costs. Bias's offer was silent as to costs. Under Bias's offer, upon acceptance she would have been entitled to recover costs against Wright in addition to the $15,000 settlement amount. (*Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181, 184 [223 Cal.Rptr. 32] ["a section 998 compromise settlement did not foreclose a plaintiff's right to costs under section 1032 of the Code of Civil Procedure where the settlement terms were silent as to costs"].) Wright's notice of acceptance actually set forth a counteroffer—not an acceptance—and thus did not constitute proof of acceptance under section 998.

Unlike the facts in *Gray v. Stewart, supra,* 97 Cal.App.4th 1394—where both parties agreed an oral acceptance was made in unambiguous terms and without any conditions attached—Bias strongly disputes that Wright timely communicated an absolute and unqualified acceptance. Bias contends that any purported acceptance by Wright on January 4 was conditioned upon the parties bearing their own costs. Bias's position finds support in the documents Wright proffered as proof of acceptance. The notice of acceptance

was prepared and served on Bias to memorialize and confirm in writing Snyder's oral acceptance of the offer on behalf of Wright. Yet that notice required the parties to bear their own costs.

### 4. *The Court Erred by Adjudicating the Terms of the Parties' Purported Settlement.*

█ Bias correctly argues under *Saba, supra,* 62 Cal.App.4th 150, the trial court could not adjudicate the parties' dispute over the meaning of the offer and acceptance, and enter judgment based on that adjudication. In *Saba,* the plaintiff moved for entry of judgment under section 998, based on his written acceptance of an oral offer stated on the record during a deposition. (*Saba,* at p. 152.) The parties disagreed about whether the offer included attorney fees. (*Ibid.*) The trial court considered evidence pertaining to the parties' intent, found the offer did not include attorney fees, and ordered judgment in favor of the plaintiff in the amount of the offer, plus approximately $16,800 in attorney fees and costs. (*Ibid.*) On appeal, as discussed above, this court held "the statement placed orally on the record does not satisfy the requirement that a section 998 demand be in writing." (*Id.* at p. 153.)

Of greater significance here, however, is that the court in *Saba* also concluded the judgment was in error because "[t]he parties disagreed on the terms of the settlement, specifically whether the offer included attorney fees. The trial court purported to adjudicate this dispute, heard evidence as to the intent of the parties and found the offer did not include such fees." (*Saba, supra,* 62 Cal.App.4th at p. 153.) In this respect, the *Saba* court stated, "The entry of judgment pursuant to section 998 is merely a ministerial act which may be performed by the clerk of the court. This is another reason a formal written offer and acceptance are required; the clerk could hardly resolve the kind of dispute which confronted the court here." (*Ibid.*)

In this case, Wright originally filed the notice of acceptance that contained a qualified acceptance. Three months later, perhaps after realizing that her notice of acceptance was defective as a proof of acceptance, Wright filed Snyder's declaration stating that oral acceptance had occurred before the notice was drafted. Wright's attorney also filed a declaration explaining that it was always Wright's intention to pay Bias's costs and that the language in the notice stating otherwise was included in error. At oral argument, Wright's counsel conceded that based on Bias's written offer and Wright's filed proof of acceptance (the notice of acceptance), without further adjudication, the trial court could not have properly entered judgment.

The trial court was confronted with conflicting documentation regarding whether Wright's purported acceptance was absolute and unequivocal. Faced with contradictory evidence regarding acceptance, the trial court should have declined to enter judgment under section 998 because a trial court cannot adjudicate disputed facts concerning the parties' intent in reaching a section 998 compromise and enter judgment. (*Saba, supra,* 62 Cal.App.4th 150.) In contrast, in *Gray v. Stewart, supra,* 97 Cal.App.4th 1394, the court did not adjudicate a factual dispute; there, the facts were undisputed. As a practical matter, an oral acceptance can be a basis for a judgment under section 998 only when there is no dispute as to the terms of the acceptance.

## C. *Inapplicability of Section 473*

In a letter brief filed shortly before oral argument, Wright cited *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255-256 [121 Cal.Rptr.2d 187, 47 P.3d 1056] (*Zamora*) (trial court properly granted relief from judgment entered under § 998). Wright contends *Zamora* supports an argument not raised in her respondent's brief, namely, that section 473 requires affirmance of the judgment. Wright argues her error in preparing the notice of acceptance should be excused and judgment under section 998 entered. But section 473 applies to relieve a party from judgment—not to enforce one. "The court may, upon any such terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . ." (§ 473, subd. (b).)

*Zamora* does not support Wright's position. In *Zamora,* our Supreme Court held the trial court properly vacated the judgment entered under section 998. (*Zamora, supra,* 28 Cal.4th at pp. 260-261.) The offer in *Zamora* contained a clerical mistake where the word "against" was erroneously substituted for the phrase "in favor of." (*Id.* at pp. 252, 259.) The offer was accepted and judgment entered. (*Id.* at p. 252.) A reading of *Zamora* demonstrates that the case addresses motions to vacate under section 473. There was no motion to vacate in this case.

Finally, *Zamora* was based on the premise that a clerical mistake could not give life to an unauthorized offer. (*Zamora, supra,* 28 Cal.4th at p. 260.) Here, the judgment was erroneously entered because it did not satisfy the requirements of section 998 and Civil Code section 1585. The results in *Zamora* and this case are consistent. Both support a policy underlying section 998—settlements must reflect the actual agreements of the parties.

(See also *DeRose v. Heurlin* (2002) 100 Cal.App.4th 158, 179 [122 Cal.Rptr.2d 630].)

## III. DISPOSITION

The judgment is reversed. Bias shall recover her costs on appeal.

Rylaarsdam, Acting P. J., and Aronson, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 25, 2003.