Filed 4/2/24  Chiu v. Wu CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERESA CHIU,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOE WU ET AL.,<br><br>    Defendants and Respondents. | H050642<br>(Santa Clara County<br>Super. Ct. No. 20CV366407)<br><br><br>ORDER MODIFYING OPINION,<br>DENYING PETITION FOR<br>REHEARING;<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on March 6, 2024, be modified as follows:

On page 14, at the end of the first full paragraph, insert the following footnote:

On remand, the Wu's will be permitted to renew their motion for relief under section 473, subdivision (b), and we express no opinion on whether the trial court should grant or deny relief under that statute.


There is no change in the judgment. Respondents' petition for rehearing is denied.

_____
Wilson, J.




_____
Bamattre-Manoukian, Acting P. J.




_____
Adams, J.[*]




H050642

*Chiu v. Wu et al.*

_____

[*] Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.

Filed 3/6/24  Chiu v. Wu CA6 (unmodified opinion)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERESA CHIU,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOE WU ET AL.,<br><br>    Defendants and Respondents. | H050642<br>(Santa Clara County<br>Super. Ct. No. 20CV366407) |

In June 2012, appellant Teresa Chiu (Chiu), along with her husband, Daniel Hsieh (Hsieh), invested $550,000 in a development project[1] in order to secure permanent residency and citizenship in the United States.  Chiu and Hsieh eventually sued the Wus for, among other things, fraud, misrepresentation, and breach of contract, seeking a return of their investment.  The Wus served, and Chiu accepted, a Code of Civil Procedure section 998[2] offer to compromise the matter in exchange for $350,000 and Chiu filing a request for dismissal with prejudice.  After the clerk mistakenly entered judgment in the amount of $3,500,000, the Wus moved to both vacate the clerk's judgment and set aside the section 998 offer pursuant to section 473, subdivision (b), due to the offer's failure to

---

[1] The development project was overseen by respondents Joe Wu and Gloria Wu as the owners and principals of corporate respondents United Venture Regional Center LLC (United Venture) and Sunrise Inn Food Plaza, LP.  We will refer to respondents collectively as "the Wus" herein to minimize confusion.

[2] Unspecified statutory references are to the Code of Civil Procedure.

specify whether the $350,000 payment was a return of Chiu's and Hsieh's investment. The trial court granted both the motion to vacate the clerk's judgment and the motion to set aside the section 998 offer.

On appeal, Chiu argues that the trial court erred in setting aside the section 998 offer on the ground that it called for Chiu to dismiss the Wus with prejudice, rather than for entry of judgment. With respect to the Wus' motion for relief under section 473, subdivision (b), Chiu contends that the trial court properly denied this motion because the claimed mistake was not one that would ordinarily be made by a person with no special training or skill. In addition, because the Wus did not cross–appeal from the trial court's order, Chiu argues the Wus have forfeited any claim on appeal that the trial court erred in denying their request to set aside the offer under section 473, subdivision (b). Finally, Chiu argues the trial court should have entered judgment in her favor in the amount of $350,000.

The parties concede and we agree that the trial court did not err by granting the motion to set aside the clerk's judgment for $3,500,000. However, as we explain below, we determine that the trial court improperly concluded the section 998 offer was invalid because it called for dismissal with prejudice of Chiu's claims instead of entry of judgment, and further erred by not entering judgment in favor of Chiu for $350,000. In addition, we conclude the trial court abused its discretion in granting the Wus' motion to set aside the section 998 offer. We will reverse the order and remand with instructions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[3]

### A. Facts leading up to the filing of the complaint

In 2012, Chiu and Hsieh, both Canadian citizens at the time, were interested in becoming permanent residents and citizens of the United States. The Wus offered Chiu

---

[3] We derive the facts and procedural history from the allegations of the first amended complaint and the other documents presented to the trial court in connection with the hearing on the motion to set aside the judgment.

and Hsieh an opportunity to invest in a development project through their business, United Venture. The investment plan would allow Chiu and Hsieh to both earn a return on their investment as well as secure permanent residency and ultimately U.S. citizenship through the EB5 visa program.[4] During their presentation in June 2012, the Wus informed Chiu and Hsieh that United Venture's specific business project, a "self–sustaining food plaza in Turlock, California," "would be completed by January 2013," "would be able to generate revenues ranging from $504,000 to $545,546 each year in the first five years of the investment," and "[i]nvestors . . . would have their invested capital returned to them after five years." On July 5, 2012, Chiu and Hsieh invested $550,000 (including a $50,000 administrative fee) in this project, known as the Sunrise Inn Project (SIP). In connection with this investment, Chiu executed various partnership and service agreements that set forth, among other things, her 20 percent equity interest in SIP.

In 2014, Chiu and Hsieh obtained permanent residency in the United States by means other than their participation as investors in SIP. Chiu and Hsieh asked that the Wus return their $500,000 investment, but the Wus declined to do so. Instead, the Wus informed Chiu and Hsieh that the money would be returned to them at the end of the five year period, i.e., in 2017.

However, in 2017, the Wus did not return Chiu and Hsieh's $500,000. In 2019, after the Wus again refused to return their investment, Chiu and Hsieh traveled to the SIP site. On this visit, they learned that construction had not been completed and the property appeared to be abandoned.

---

[4] To qualify under this program, formally known as the United States Customs and Immigration Services (USCIS) Investor Pilot Program, the investor must invest a minimum of $500,000 in a business within a "targeted employment area," and that investment and business must directly create a minimum of 10 full-time jobs within the United States.

3

Chiu and Hsieh filed the operative first amended complaint on November 10, 2020 in Santa Clara County Superior Court.  That complaint lists causes of action for fraud, negligent misrepresentation, false promise, breach of fiduciary duty, breach of contract, and unfair business practices (Bus. & Prof. Code, § 17200 et seq.).  In their prayer for relief, Chiu and Hsieh sought compensatory and punitive damages in connection with their tort causes of action and, with respect to their breach of contract cause of action, specific performance of the partnership and service agreements.

### B. The Wus' section 998 offers and entry of clerk's judgment

On June 16, 2022, the Wus served Chiu and Hsieh with separate offers to compromise pursuant to section 998.  The offer to Chiu provided that the Wus would pay her $350,000, inclusive of her costs and attorney fees, in exchange for her filing a request for dismissal with prejudice.  Chiu accepted her offer on June 30, 2022.[5]

Approximately a week later, the Wus' counsel emailed Chiu's counsel, indicating that, based on the Wus' consultation with their certified public accountant, they "anticipate booking the $350,000 payment as a return of [Chiu's] capital contribution" in the SIP.  Chiu's counsel disagreed with this interpretation of the section 998 offer, writing that the Wus' offer did not reference "a return of her capital contributions" but was instead a promise to pay "$350,000 in return for [] dismissal of her claims.  Nothing less and nothing more."

The parties submitted a stipulated judgment to the trial court, indicating that judgment should be entered in favor of Chiu and that the Wus were to pay Chiu $350,000.  However, the trial court rejected the proposed judgment, on the grounds that "[t]he terms of the CCP § 998 offer do not call for entry of judgment."

---

[5] Hsieh did not accept his offer, which was limited to a waiver of the Wus' costs and attorney fees, as well as their right to pursue a malicious prosecution action against Hsieh.  Hsieh is not a party to this appeal.

4

At a subsequent case management conference, the parties informed the trial judge of their dispute over the terms of the section 998 offer. The trial court set a hearing on the matter for October 4, 2022 to hear the Wus' motion to set aside the section 998 offer.

A few days after the case management conference, the clerk mistakenly entered a judgment in favor of Chiu in the amount of $3,500,000. The Wus then filed their motion to set aside both the clerk's judgment and the section 998 offer under sections 473, subdivisions (b) and (d).[6]

### C. The Wus' motion to set aside clerk's judgment and section 998 offer

In their motion, the Wus argued that the clerk's judgment must be vacated due to the typographical error inflating the judgment from $350,000 to $3,500,000. As to the terms of the section 998 offer, the Wus asked that the court either enter a new judgment for $350,000 in Chiu's favor as "return or recission [*sic*] of [] Chiu's investment" or set aside the 998 offer "because it was made in error by counsel, without authority." According to the Wus' counsel, during the parties' settlement negotiations preceding the section 998 offer, the parties disagreed on whether any payment by the Wus would be considered as a return of Chiu's investment in SIP.

In her opposition, Chiu argued that the section 998 offer was unambiguous on its face and that the court should reject the Wus' effort to amend it. She also noted that the Wus failed to show any excusable mistake by their counsel. Chiu contended the trial court should therefore enter a new judgment against the Wus in the amount of $350,000 and further confirm that this payment is not to be considered a return of her investment in SIP.

---

[6] The parties do not dispute in this appeal that the clerk's judgment in the amount of $3,500,000 was entered in error and should be set aside pursuant to section 473, subdivision (d). Therefore, we will limit our discussion below to section 473, subdivision (b).

5

### D. The trial court's order

Following the hearing, the trial court issued a written order granting the motion to vacate the clerk's judgment pursuant to section 473, subdivision (d) but denying the Wus' "request to rewrite the [998] [o]ffer." The trial court began by providing the legal standard for section 473, subdivision (b), noting that the trial court has " ' " '[w]ide discretion' " ' " under this statute and "the moving party bears the burden of showing a right to relief." Specifically, the trial court also described what qualified as excusable neglect under the statute and noted that granting relief will be favored unless the opposing party can show it would be "seriously prejudice[d]" thereby.

In responding to the arguments made by the Wus, the trial court found that the section 998 offer "cannot reasonably be interpreted as [the Wus] suggest" and denied their request to "enter judgment based on the interpretation that it consists of a return of capital and the termination of Chiu's membership in [SIP]." The court also found that the section 998 offer "cannot be interpreted as Chui [*sic*] suggests either." Specifically, the court noted that "the [o]ffer was for a payment of $350,000 in exchange for a dismissal of Chui's [*sic*] entire action with prejudice." However, "Chui [*sic*] has not dismissed her action but instead urges the Court to enter judgment in her favor. Even if the Court were to interpret the offer as requiring entry of judgment, which it clearly does not, Chui's [*sic*] lawsuit consists of six separate causes of action. Which cause of action would the Court be entering judgment on? One, some, or all of them?"

Because, in the court's view, "both parties appear to be wrong as to what they were entitled to under the terms of the [998] [o]ffer," it granted the Wus' motion to set aside the section 998 offer. The trial court also observed that Chiu would not be prejudiced by setting aside the offer since "[t]here is no evidence that witnesses are missing or evidence has been destroyed between the time the Offer was made and accepted and the time this motion was made."

6

Chiu timely appealed.

## II. DISCUSSION

As previously indicated, Chiu and the Wus agree that the trial court properly vacated the clerk's judgment for $3,500,000 under section 473, subsection (d). The remaining questions are whether the court erred by: (1) finding that the offer was defective in that it called for Chiu to dismiss her complaint with prejudice as opposed to requiring entry of judgment; (2) refusing to enter judgment in the amount of $350,000; and (3) after concluding that the section 998 offer could not reasonably be interpreted as either of the parties suggested, setting that offer aside. As discussed below, we agree with Chiu that the court erred by finding the section 998 offer defective, by not entering judgment for $350,000 as contemplated by that offer, and finally by setting that offer aside.

### A. Section 998 offer calling for dismissal with prejudice is valid

#### 1. Legal principles and standard of review

"The policy behind section 998 is 'to encourage the settlement of lawsuits prior to trial.' [Citations.]" (*Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1019.) Section 998, subdivision (b) provides: "[A]ny party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (*Id*. at subd. (b)(1).)

"We review the validity of a section 998 offer de novo. [Citation.] Under that standard of review, we exercise our independent judgment; we do not defer to the trial

7

court's decision and we are not bound by its reasoning. [Citations.]" (*Chen v. BMW of North America, LLC* (2022) 87 Cal.App.5th 957, 961 (*Chen*).) "A section 998 offer must be specific and certain enough to allow a plaintiff to determine its value at the time it is made. [Citation.] An offer is insufficiently specific if it contains terms making it ' "exceedingly difficult or impossible to determine the value of the offer to the plaintiff." ' [Citation.]" (*Ibid.*)

We conduct our review of the terms of the offer under settled principles. Because stipulated judgments are regarded as contracts between the parties, we apply general contract principles to the interpretation of a section 998 offer. (*T.M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280.) " 'A contract must be "interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting" (Civ. Code, § 1636), and where, as here, the contract is in writing, "the intention . . . is to be ascertained from the writing alone, if possible . . . ." (Civ. Code, § 1639.)' [Citation.]" (*Roden v. Bergen Brunswig Corp.* (2003) 107 Cal.App.4th 620, 625.) "Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." *(City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473.)

### 2. Analysis

#### a. The section 998 offer was valid

We first undertake our de novo review of the validity of the Wus' section 998 offer including whether Chiu's acceptance created an enforceable settlement agreement.

The entirety of the Wus' offer to compromise was, as follows: "Pursuant to California Code of Civil Procedure Section 998, [the Wus] offer to pay Three Hundred Fifty Thousand Dollars ($350,000), in exchange for . . . Chiu filing a Request for Dismissal with Prejudice of [the Wus]. [¶] The offer amount of Three Hundred Fifty

8

Thousand Dollars ($350,000) is inclusive of . . . Chiu's costs and attorneys' fees. [¶] Plaintiff may accept this offer to compromise by signing the statement to that effect set out below under the heading 'ACCEPTANCE OF OFFER.' [¶] If this offer to compromise is not accepted within thirty (30) days or prior to trial, whichever occurs first, the offer shall be deemed withdrawn and cannot be given as evidence upon the trial. [¶] If . . . Chiu does not accept this offer to compromise and fails to obtain a more favorable judgment, . . . Chiu shall not recover [her] post-offer costs (including attorneys' fees where authorized by contract, statute, or law) and shall pay [the Wus'] post-offer costs (including attorneys' fees, if authorized). In addition, the court may require . . . Chiu to pay a reasonable sum to cover [the Wus'] post-offer costs for the services of expert witnesses." On June 30, 2022, Chiu signed the statement below the offer which provided: "Chiu hereby accepts [the Wus'] offer to compromise on the terms stated in the offer."

The section 998 offer's language is unambiguous: in exchange for dismissing her claims against the Wus, with prejudice, Chiu would be paid $350,000 and also avoid having to pay the Wus' post-offer costs and attorney fees should she not obtain a more favorable judgment at trial. The terms of the offer are clear on their face and are such that Chiu could reasonably determine their value at the time that offer was made. (*Chen*, *supra*, 87 Cal.App.5th at p. 961.) Simply stated, the language of the section 998 offer expresses the parties' mutual intent to resolve the litigation upon payment of $350,000 to Chiu.

On appeal, the Wus do not argue that there was not a valid acceptance of the offer. They also agree, "in hindsight," with the trial court's determination that their interpretation of the section 998 offer "as a return of [Chiu]'s capital contribution[] was not reasonable[]" and thus there was no basis for the trial court to consider the extrinsic evidence the Wus offered in connection with their motion. The Wus nonetheless advance

9

two arguments to support the order setting aside the section 998 offer. First, entry of judgment has a different meaning and consequence than a dismissal with prejudice. Due to this purported difference, the Wus contend Chiu "cannot have both." Second, even if this court were to agree that Chiu's interpretation of the section 998 offer is "reasonable, the offer should be set aside due to mistake." As discussed in more detail below, we find both arguments unavailing.

### b. The section 998 offer would dispose of the action

The offer's failure to provide for entry of judgment, as opposed to dismissal of Chiu's claims with prejudice, does not invalidate the offer. Other than generally arguing the uncontroverted point that this court should not rewrite the section 998 offer, the Wus provide no authority for their position that failing to use the phrase " entry of judgment" in that offer is dispositive. To the contrary, "a statutory offer of compromise need not contain any 'magic language,' so long as it is clear the offer, which must be written, is made under section 998 and, if accepted, will result in the entry of judgment *or an alternative final disposition of the action legally equivalent to a judgment*." (*Berg v. Darden* (2004) 120 Cal.App.4th 721, 731-732, italics added.) "The word 'judgment' in Code of Civil Procedure section 998 indicates that the statute contemplates that an offer to compromise which is accepted will result in the final disposition of the underlying lawsuit; the statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition. The acceptance of [a] compromise agreement calling for a voluntary dismissal with prejudice would [dispose of a] complaint as effectively (see Code Civ. Proc., § 581d) as one calling for entry of judgment in favor of plaintiff." (*Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 906 (*Goodstein*).)

Likewise, Chiu dismissing her claims against the Wus with prejudice would amount to a final disposition of her action. (*Goodstein*, *supra*, 27 Cal.App.4th at p. 906.)

10

"It would seem clear that a dismissal with prejudice by plaintiff of its action is a bar to a subsequent action on the same cause; otherwise there would be no meaning to the 'with prejudice' feature. 'A dismissal with prejudice terminates the action.' " (*Gagnon Co. v. Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 455.)

Based upon our de novo review, we conclude that the section 998 offer was valid and Chiu's acceptance created an enforceable agreement to compromise the action. The trial court's order setting the offer aside on the grounds that it failed to call for entry of judgment was in error.

### B. The Wus' section 473, subdivision (b) claim is forfeited

Although their motion to set aside the section 998 offer was based upon section 473, subsection (b), the Wus do not address on appeal whether the trial court relied upon that statute in its order. Rather, the Wus request that, if this court were to find the section 998 offer and acceptance valid, we independently determine that it be set aside due to mistake under section 473, subdivision (b).

In her briefing on appeal, Chiu argues that the trial court properly denied the Wus' motion to set aside the offer pursuant to section 473, subdivision (b). In addition, Chiu asserts that the Wus' failure to file a cross-appeal on this issue constitutes waiver of an adverse ruling denying them relief and their claim fails on the merits.

We note that the written order does not explicitly state that the ruling was made pursuant to section 473, subdivision (b) or that the court considered whether the Wus established mistake or excusable neglect under that statute.[7] Because the trial court failed

---

[7] The trial court's order states that there was "[g]ood [c]ause" to set aside the section 998 offer because, in its view, "both parties appear to be wrong as to what they were entitled to under [its] terms." As discussed above, we conclude that the section 998 offer is valid and therefore the trial court erred to the extent it set aside the offer on this ground.

11

to specifically decide the Wus' motion on this ground, the Wus' failure to cross-appeal means they have forfeited this argument.

### 1. Legal principles and standard of review

We provide here some discussion of section 473, subdivision (b) for the purposes of explaining what findings would support its application below.  The statute provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  "It is well established that the trial court's ruling on a motion for relief under section 473 is reviewed for an abuse of discretion.  ' "A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse." [Citation.]' " (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 384.)

"When determining whether the trial court has the discretion to grant relief, ' ". . . the court inquires whether 'a *reasonably prudent person* under the same or similar circumstances' might have made the same error . . . ." [Citation.]'  [Citations.]  'The "reasonably prudent person standard" . . .. gives an attorney the benefit of such relief only where the mistake is one which might ordinarily be made by a person with no special training or skill.' [Citation.]" (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 671.)

Generally, "the appellate court is required to infer that the trial court made all factual findings necessary to support the order or judgment.  [Citations.]" (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1271.)  However, "[w]here a written order clearly expresses the legal and factual basis for the trial court's resolution of controverted issues, an appellate court will not imply findings the trial court did not make.

[Citations.]" (*L.Q. v. California Hospital Medical Center* (2021) 69 Cal.App.5th 1026, 1049 (*L.Q.*).)

### 2. Analysis

Chiu argues that the Wus, by failing to cross-appeal from the trial court's order denying their motion to vacate the judgment pursuant to section 473, subdivision (b), have forfeited that argument on appeal. We agree.

"As a general matter, 'a respondent who has not appealed from the judgment may not urge error on appeal.' [Citation.]" (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439.) In this case, the Wus' motion to set aside the section 998 offer was brought specifically on the ground that they were entitled to relief under section 473, subdivision (b) because their counsel's failure to specify that the $350,000 payment to Chiu would constitute a return of her capital contribution "was made in error by counsel, without authority from [the Wus.]"

As discussed above, the trial court set aside the section 998 offer, not because the Wus were entitled to relief under section 473, subdivision (b), but because, after applying principles of contract law, it concluded that the section 998 offer was invalid. Specifically, the trial court stated there was no "meeting of the minds,"[8] as "both parties appear to be wrong as to what they were entitled to under the terms of the [o]ffer[]" and that the "[o]ffer was not accepted on the terms it was made." Because the trial court's order makes clear the factual and legal basis of its decision, i.e., that the section 998 offer and Chiu's acceptance did not form a valid contract, we will not imply any findings the trial court did *not* make regarding application of section 473, subdivision (b). (*L.Q.*, *supra*, 69 Cal.App.5th at p. 1049.)

---

[8] Formation of a contract "requires a meeting of the minds." (*Prager University v. Google LLC* (2022) 85 Cal.App.5th 1022, 1036.)

To the extent that the trial court erred in failing to rule on the motion as framed by the Wus, their failure to bring a cross-appeal precludes them from asserting this as error here. We will not decide, in the first instance, whether the Wus were entitled to relief based on counsel's failure to make clear that the offer of payment encompassed a return of Chiu's investment.

### *C. The trial court must enter judgment per the section 998 offer*

Chiu contends that the trial court, having vacated the erroneous clerk's judgment and having rejected the Wus' interpretation of the section 998 offer, should have either entered judgment in the amount of $350,000 or found the section 998 offer to be valid, thus permitting Chiu to bring a motion to enforce its terms. We agree that the trial court was required to enter judgment in accordance with the terms of the compromise agreement.

As discussed above, section 998, subdivision (b)(1) provides, "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge *shall* enter judgment accordingly." (Italics added.) Once a section 998 offer is accepted, it is basically a ministerial task to enter judgment according to the express terms of the parties' agreement. (*Bias v. Wright* (2002) 103 Cal.App.4th 811, 819.)

Based on our de novo review, we conclude that the section 998 offer in this case was valid and the trial court erred in setting it aside. Therefore, pursuant to section 998, subdivision (b)(1), the trial court was obligated to enter judgment for $350,000 per that offer.

### III.    DISPOSITION

The trial court's October 18, 2022 order is reversed. On remand, the trial court is directed to vacate that order and enter a new order: (1) granting the motion to vacate the clerk's judgment entered on July 29, 2022; and (2) denying the motion to set aside the Code of Civil Procedure section 998 offer. The trial court shall then enter judgment for

14

Chiu in the amount of $350,000.  (Code of Civ. Proc., § 998, subd. (b)(1).)  Chiu shall recover her costs on appeal.

_____
                                                         Wilson, J.

WE CONCUR:


_____
                          Bamattre-Manoukian, Acting P. J.




_____
                          Adams, J.[*]




H050642

_Chiu v. Wu et al._

---

[*] Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.