Filed 7/16/24  Endrawes v. Mitchell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MAYA ENDRAWES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BRIAUNNA MITCHELL,<br><br>    Defendant and Respondent. | 2d Civ. No. B330916<br>(Super. Ct. No. 56-2021-00555367-CU-PA-VTA)<br>(Ventura County) |

In this personal injury action, Maya Endrawes appeals from the trial court's order denying her motion to vacate a stipulated judgment in her favor that was entered against respondent Briaunna Mitchell.  The judgment was based on respondent's purported acceptance of appellant's offer to compromise pursuant to Code of Civil Procedure section 998.[1]  Appellant claims the trial court erred because the judgment is

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

void on its face.  We agree.  Instead of accepting appellant's offer, respondent made a counteroffer.  Accordingly, we reverse.

*Factual and Procedural Background*

While driving a motor vehicle, appellant was involved in a collision with another vehicle.  Respondent was the driver of the other vehicle.  Respondent's parents, Harold and Tonia Mitchell, owned the other vehicle.

Appellant filed a complaint for damages against respondent and her parents.  Respondent and her father, Harold Mitchell, jointly filed an answer to the complaint.  Respondent's mother did not file an answer.[2]

On June 3, 2022, appellant made a section 998 offer to compromise her action against respondent in exchange for a $210,000 judgment against respondent.  Appellant did not make an offer to compromise her action against respondent's parents.

Appellant's offer to compromise included a statement of acceptance to be signed by respondent or her attorney.  "If the offer is not accepted . . . within 30 days after it is made, . . . it shall be deemed withdrawn . . . ."  (§ 998, subd. (b)(2).)  On the 28th day after the offer was made, respondent's counsel signed the statement of acceptance.  On the same date, counsel signed and filed a separate document that he had prepared.  This document is entitled, "**NOTICE OF ACCEPTANCE OF OFFER TO COMPROMISE (CCP SECTION 998)**" (hereafter "notice of acceptance").  The notice of acceptance stated: "[Respondent] accepts [appellant's] offer to [compromise] . . . in satisfaction of all of [appellant's] claims . . . arising out of, related

---

[2] In her appellate brief respondent alleges, "Since Appellant has not yet served Mrs. Mitchell, Mrs. Mitchell has not filed an Answer and she has not yet appeared in this action."

2

to or in any way connected with interest in this action. Whereby [appellant] and her successors hereby release, acquit and forever discharge [respondent] . . . *and any and all other persons . . . whatsoever*, from any and all claims . . . whatsoever, both known and unknown, specifically including but not limited to, any and all claims in this matter and any related matter." (Italics added.) Counsel signed the notice of acceptance as the attorney for both respondent and her father, Harold Mitchell.

Eleven days after respondent's counsel had signed and filed the notice of acceptance, appellant filed objections to it. Appellant contended: "[Respondent's] notice of acceptance actually set forth a counteroffer – not an acceptance – and thus did not constitute proof of acceptance under section 998." "Not only did [respondent] fail to unequivocally accept the offer, but it is also now too late to do so given that the offer has expired. . . . Therefore, there is no settlement and the case is still pending."

In a minute order, the trial court "sustained" appellant's objection "to the form of the Judgment submitted by Defendants Briaunna Mitchell and Harold Mitchell." It ordered "[t]he parties . . . to meet and confer and to submit a stipulated form of Judgment." The court said: "Defendants' acceptance of the 998 offer is not in question. The form of the Judgment is what is in issue."

At a hearing conducted on December 5, 2022, the parties informed the court that they had been unable to agree on how to proceed in the matter. The court "order[ed] each side to submit their (last and best proposal) form of judgment on or before 12/16/2022."

Appellant filed an objection to the trial court's December 5, 2022 order. Appellant protested: "There can be no judgment

3

because [respondent] rejected [appellant's] offer by making a counteroffer. The most equitable result is for the court to void both the offer and the purported acceptance."

Despite appellant's objection, on December 29, 2022, the trial court signed a "Judgment On Stipulation." The judgment showed that it had been prepared by counsel for "Defendants Briaunna J. Mitchell & Harold R. Mitchell." The judgment notes: "Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and the signed written stipulation was filed in the case." The judgment required respondent to pay appellant $210,000 "on the complaint."

The judgment was entered on January 3, 2023. On April 7, 2023, respondent served appellant with notice of entry of the judgment. On April 27, 2023, appellant filed a motion to vacate the judgment. The motion stated "that judgment was improperly entered by the court because [respondent] did not clearly and unequivocally accept [appellant's] Code of Civil Procedure § 998 offer and instead responded to said offer with a counteroffer."

In a minute order dated June 12, 2023, the trial court denied appellant's motion to vacate.[3] The trial court reasoned: "The motion to vacate is based on CCP section 663 and CCP section 473(d). Notice of Entry of the Judgment had been made on April 7, 2023. [¶] After entry of judgment, a trial court's ability to change the judgment is largely limited to statutory grounds. [Citation.] CCP section 1663 authorizes setting aside

---

[3] We grant respondent's motion to augment the record to include a "Certificate of Mailing" showing that on June 12, 2023, the superior court clerk mailed a copy of the court's order to appellant.

4

or vacating a judgment, but the notice to do so must be given within l5 days of the date of mailing notice of entry of judgment by the clerk of the court, or by any party . . . .  In this case, Notice of Entry was mailed on April 7th, and the motion was filed [20 days later] on April 27th.  It is late.  [¶]  CCP section 473(d) allows the court to set aside a void judgment.  A judgment is 'void' when the court entering the judgment lacked jurisdiction to do so.  That is not the case here.  The judgment may have been voidable due to the form of defendant's acceptance of the [section] 998 offer to compromise, but the court had jurisdiction to enter it.  As such, no relief is possible under CCP section 473."

On August 10, 2023, appellant timely filed a notice of appeal from the "order denying [her] motion to vacate judgment." (See Cal. Rules of Court, rule 8.104(a), (e); *Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 294, fn. 4 ["an order denying a statutory motion under section 473 to vacate the judgment is appealable as an order after judgment"].)

*Section 473, Subdivision (d)*

Section 473, subdivision (d) provides that the court "may, on motion of either party after notice to the other party, set aside any void judgment or order."  "To determine 'whether an order [or judgment] is void for purposes of section 473, subdivision (d), courts distinguish between orders [or judgments] that are void on the face of the record and orders [or judgments] that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. . . .'  A judgment 'is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence.'" (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370 (*Kremerman*), bracketed material in

original.)  "If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order/judgment is not void on its face."  (*Braugh v. Dow* (2023) 93 Cal.App.5th 76, 87.)  "Generally, defendants have six months from entry of judgment to move to vacate.  [Citation.]  But, if 'the judgment is void on its face, then the six months limit set by section 473 to make other motions to vacate a judgment does not apply.'"  (*Id*. at p. 86.)

*Standard of Review*

"Section 473, subdivision (d) provides a trial court *may,* on motion of either party after notice to the other party, set aside any void judgment or order; inclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment.  [Citation.]  However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void.  [Citation.]  Thus, the reviewing court faces two separate determinations when considering an appeal founded on section 473, subdivision (d): whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting (or not setting) it aside.  [Citation.]  The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void order is reviewed for abuse of discretion.  [Citations.]"  (*Kremerman*, *supra*, 71 Cal.App.5th at p. 369.)

*As a Matter of Law, the Judgment is Void on Its Face*

"To form a binding settlement, an offeree's acceptance of a section 998 offer must be "'absolute and unqualified.'" [Citations.]  A qualified or conditional acceptance does not form a contract, but constitutes a counteroffer.  (Civ. Code, § 1585.)  At

6

common law, such a counteroffer terminates the offer; in the section 998 context, however, the statute's prosettlement purpose dictates that a counteroffer does not terminate a section 998 offer but leaves the offer in effect until it expires or is revoked." (*Siri v. Sutter Home Winery, Inc.* (2022) 82 Cal.App.5th 685, 691.)

Here, the judgment is void on its face because the judgment roll shows that respondent's acceptance of appellant's offer to compromise was not absolute and unqualified. The notice of acceptance prepared by respondent's counsel included a condition that could be construed as releasing respondent's parents from liability for the collision. The notice of acceptance states that "[appellant] and her successors hereby release, acquit and forever discharge [respondent] . . . *and any and all other persons . . . whatsoever*, from any and all claims . . . whatsoever, both known and unknown, specifically including but not limited to, any and all claims in this matter and any related matter." (Italics added.) Thus, respondent's notice of acceptance constituted a counteroffer. Appellant's offer expired 30 days after it was made on June 3, 2022. (§ 998, subd. (b)(2).)

*Bias v. Wright* (2002) 103 Cal.App.4th 811 (*Bias*), shows that respondent's notice of acceptance did not form a binding settlement agreement. Wright orally accepted Bias's offer to compromise. The oral acceptance was followed by a written notice of acceptance that "stated in relevant part: 'MICHELLE D. WRIGHT, defendant herein, hereby accepts the Offer to Compromise to allow a judgment to be entered in plaintiff[] [Bias's] favor and against said defendant for the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), *each party to bear their own respective costs.*'" (*Id*. at p. 815, italics added.)

"Wright's notice of acceptance imposed the added condition that the parties bear their own costs. Wright filed that notice as proof of acceptance of Bias's offer. Wright moved to enforce the purported settlement agreement under section 998, and after hearing argument and receiving evidence, the trial court granted Wright's motion and entered judgment." (*Bias, supra,* 103 Cal.App.4th at p. 814.)

The Court of Appeal held, "[P]urported oral acceptance evidenced by written notice of acceptance that includes an additional term not present in a section 998 offer does not communicate an absolute and unequivocal acceptance of the offer as required by Civil Code section 1585 . . . ." (*Bias, supra,* 103 Cal.App.4th at p. 814.) The court noted that "Civil Code section 1585 provides in part: 'An acceptance must be *absolute and unqualified . . . .*'" (Italics added.)" (*Id.* at p. 817.)

The Court of Appeal continued: "Wright's notice of acceptance stated her acceptance was conditioned on the parties bearing their own costs. Bias's offer was silent as to costs. . . . Wright's notice of acceptance actually set forth a counteroffer— not an acceptance—and thus did not constitute proof of acceptance under section 998." (*Bias, supra,* 103 Cal.App.4th at p. 820.) "Wright did not accept the offer in a timely, absolute and unqualified manner as required by section 998. Therefore, the trial court erred by granting Wright's motion and entering judgment." (*Ibid.*)

*The Trial Court Abused Its Discretion in Denying Appellant's Motion to Vacate the Void Judgment*

That the judgment is void on its face does not conclude the matter. We must decide whether the trial court abused its

8

discretion in denying appellant's motion to vacate the void judgment. (*Kremerman*, *supra*, 71 Cal.App.5th at p. 369.)

"[A] court abuses its discretion where no reasonable basis for the action is shown." (*Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2015) 238 Cal.App.4th 513, 519.) There is no reasonable basis for the denial of appellant's motion to vacate the void judgment. Appellant acted promptly and diligently in objecting to the entry of judgment and in seeking to vacate the judgment. Appellant filed her motion to vacate the judgment 20 days after she had been served with notice of entry of the judgment. Respondent has not shown that she was prejudiced by the 20-day delay.

### Disposition

The order denying appellant's motion to vacate the judgment is reversed. The matter is remanded to the trial court with directions to enter a new order granting the motion. Appellant shall recover her costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

9

Henry J. Walsh, Judge

Superior Court County of Ventura

_____


El Dabe Ritter Trial Layers and S. Edmond El Dabe, Cynthia Goodman, for Plaintiff and Appellant.

MacDonald & Cody and Edye A. Hill, for Defendant and Respondent.