Filed 10/24/24  Gonzalez v. Bowens CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| SARAI GONZALEZ, a Minor, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DOROTHY J. BOWENS, <br><br> Defendant and Respondent. | D084264 <br><br><br> (Super. Ct. No. CVPS2105596) |

APPEAL from a judgment of the Superior Court of Riverside County, Kira L. Klatchko, Judge.  Reversed.

Walter Clark Legal Group, Walter T. Clark, and Dan C. Bolton for Plaintiff and Appellant.

Horvitz & Levy, John F. Querio, Steven S. Fleischman; Keith L. Shoji & Associates, and Charmain Jackson for Defendant and Respondent.


Sarai Gonzalez was struck by Dorothy J. Bowens's car while walking in a crosswalk and suffered serious injury.  Gonzalez filed suit against Bowens and before trial made an offer of settlement pursuant to Code of Civil

Procedure section 998.[1]  Bowens's counsel responded that she accepted the settlement offer amount, but wanted a release and dismissal, rather than judgment entered against her as Gonzalez offered.  Gonzalez did not respond to this proposal but Bowens filed a notice of acceptance of the offer.  Over Gonzalez's objection, the trial court entered judgment pursuant to the section 998 offer and subsequently denied Gonzalez's motion to vacate the judgment.

On appeal, Gonzalez asserts the trial court erred by entering judgment because Bowens did not accept her section 998 offer, and instead made a counteroffer that Gonzalez did not accept.  As we shall explain, we agree with Gonzalez that the settlement offer was not accepted and the court erred by entering judgment.  Accordingly, the judgment is reversed.

FACTUAL AND PROCEDURAL BACKGROUND

Gonzalez, who was 15 years old at the time, was struck by Bowens's car while walking in a marked crosswalk.  She landed on the car's hood, then fell to the asphalt, hitting her head.  She lost consciousness and was treated at the emergency room.  She suffered a concussion and had lingering symptoms after the accident.  On October 14, 2021, Gonzalez filed suit against Bowens alleging two negligence causes of action.

On February 24, 2023, Gonzalez served an "Offer of Judgment to Defendant Dorothy J. Parker Bowens" pursuant to section 998 by email and regular mail.  The offer stated, "Plaintiff, SARAI GONZALEZ, offers to settle and compromise this action by having judgment taken and entered against Defendant, DOROTHY J. PARKER BOWENS, and in favor of Plaintiff, SARAI GONZALEZ, pursuant to Code of Civil Procedure Section 998, for the

---

[1]    Subsequent undesignated statutory references are to the Code of Civil Procedure.

amount of $40,000, each side to bear their own attorney fees and costs of litigation." The offer further stated, "If this offer is not accepted prior to trial or within thirty days after it is made, whichever occurs first, it shall be deemed withdrawn."

The offer's closing paragraph stated, "This Offer to Compromise may be accepted in the form of a letter directed to attorney for Plaintiff, SARAI GONZALEZ, wherein the Offer to Compromise is accepted pursuant to the terms and conditions outlined herein." In addition, the offer attached an "Acceptance" for Bowens to return. That document stated, "**TO PLAINTIFF, SARAI GONZALAZ, AND TO HER ATTORNEY**: [¶] Defendant, DOROTHY J. PARKER BOWENS, hereby accepts your offer to allow judgment to be taken and entered in Plaintiff's favor and against this Defendant for $40,000, each side to bear their own attorney fees and costs of litigation."

On March 22, 2023, Bowens's counsel sent an email to Gonzalez's counsel stating, "Defendant Dorothy Bowens accepts Plaintiff Sarai Gonzalez's Offer to Compromise in the amount of $40,000.00. However, rather than allowing judgment to be entered against Ms. Bowens, we request that Plaintiff execute a Release Agreement. Is that acceptable?" The email was returned with a message stating the lawyer it was sent to was no longer with the law firm, so Bowens's counsel resent the email the same day to other attorneys at the firm. Gonzalez did not respond to the emails.

Then, on March 27, 2023, Bowens's counsel sent a letter to Gonzalez's attorney stating, "This will confirm that the above-referenced case has been settled in its entirety for $40,000.00. Enclosed, please find our Release and Request for Dismissal. Please ensure that the Release is properly executed. The settlement draft(s) will be issued to your office once we receive both

3

original signed documents. We will file the Dismissal only after the settlement funds have been issued to your office. We will provide you with a conformed dismissal. Please provide our office with written confirmation regarding status or settlement of any and all liens in the case or else lienholder(s) will be listed as a payees on the settlement draft."

On March 30, 2023, Gonzalez served a notice of deposition to the police officer who responded to the accident. On April 3, 2023, Bowens's counsel sent another email to Gonzalez's counsel stating, "We accepted your offer to settle for $40,000 and have sent a release for your signature." Later the same day, Gonzalez's counsel responded that Gonzalez's section 998 settlement offer was rejected on March 22, 2023 by Bowens's counsel's email. Gonzalez's counsel explained that because the terms of the offer were not accepted entirely, the offer was "deemed withdrawn pursuant to subdivision (b)(2)" and he now had authority to settle the case for $50,000.

Bowens's counsel then responded within an hour that his "email clearly states that defendant accepted plaintiff's offer. You chose not to ask for clarification or to decline to execute a release, in order to let the 998 expire, which was acting in bad faith. ... Your attempt to increase the offer, after acceptance, simply because the attorney extending the offer has left the firm, is also in bad faith." Minutes later, Gonzalez's attorney responded that the offer was rejected by the change in terms proposed by Bowens to execute a release and dismissal rather than have judgment entered against Bowens. The attorneys then exchanged additional emails repeating their positions.

On April 5, 2023, Bowens's attorney sent another email repeating Bowens's position that the settlement offer had been accepted and that the request for a release rather than a judgment was not a counteroffer or a rejection of the offer. Further, Bowens's attorney stated Bowens would be

4

filing a "Notice of Acceptance of 998 and Proposed Judgment" that day and would not appear at the mandatory settlement conference scheduled for April 7, 2023. Gonzalez's counsel responded, repeating Gonzalez's position that the settlement offer had not been accepted and that Gonzalez intended to proceed with the scheduled settlement conference.

On April 5, 2023, Bowens filed a "Notice of Acceptance (§ 998)" in the trial court asserting that "[o]n March 22, 2023, defendant Dorothy J. Bowens accepted plaintiff's Code of Civil Procedure section 998 offer to allow a judgment to be entered in plaintiff's favor and against this defendant for the sum of Forty Thousand Dollars ($40,000.00), each party to bear her own costs." The notice attached copies of the offer, as well as an unsigned copy of the "Acceptance" that was attached to the offer when it was mailed to Bowens. The same day, Gonzalez filed an "Objection to Defendant's Notice of Acceptance," asserting that her section 998 settlement offer had been rejected by Bowens on March 22, 2023, and that the offer had expired on March 28, 2023.

On April 6, 2023, the court set a hearing on the issue for April 20, 2023. The parties filed briefs repeating their competing positions. On April 19, 2023, the court vacated the hearing and entered the proposed judgment, submitted by Bowens, in favor of Gonzalez and against Bowens for $40,000 with each party to bear their own costs and attorneys fees.

On May 19, 2023, Gonzalez moved to set aside the judgment under section 473, subdivision (d). Bowens filed an opposition to the motion and the court conducted a hearing on July 10, 2023. After argument, the court denied the motion, concluding the first sentence of Bowens's March 23, 2023 email— "Bowens accepts Plaintiff Sarai Gonzalez's Offer to Compromise in the

5

amount of $40,000.00"—constituted a valid acceptance of Gonzalez's section 998 settlement offer.  Gonzalez timely appealed from the judgment.

DISCUSSION

Gonzalez argues the trial court erred by denying her motion to set aside the judgment because the judgment was void.  She contends that Bowens's March 22, 2023 email did not constitute an acceptance of her section 998 settlement offer because she did not accept all of the proposed terms; instead, Bowens counter-offered by asking for a release and dismissal rather than having judgment entered against her.  Bowens responds that the trial court correctly concluded the first sentence of her counsel's March 22 email constituted an "unqualified acceptance of the section 998 offer" and that the second sentence was "untethered to the first sentence" and "merely" a request "that Gonzalez consider a release rather than formal entry of judgment."

I

*Legal Principals*

Under section 998, subdivision (b), a party to a civil action "may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time.  The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted."  (§ 998, subd. (b).)  "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."  (§ 998, subd. (b)(1).)  If an offer is not accepted prior to trial, "or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn."  (§ 998, subd. (b)(2).)

6

The statute is a cost-shifting provision designed " 'to encourage the settlement of litigation without trial, by punishing the party who fails to accept a reasonable settlement offer from its opponent.' " (*Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 129.) If a defendant does not accept a plaintiff's offer under section 998, and the defendant fails to obtain a judgment more favorable than the offer, the plaintiff is entitled to recover his or her statutory costs and may recover post-offer expert witness fees. (§ 998, subd. (b).) In a personal injury action, a defendant must also pay post-offer interest on the judgment. (Civ. Code, § 3291.)

"In interpreting a section 998 offer, general contract principles apply when they neither conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial." (*Elite Show Services, Inc. v. Staffpro, Inc.* (2004) 119 Cal.App.4th 263, 268.) This includes Civil Code section 1585, which "provides in part: 'An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character which the proposer can separate from the rest, and which will conclude the person accepting. A qualified acceptance is a new proposal.' " (*Bias v. Wright* (2002) 103 Cal.App.4th 811, 817 (*Bias*); *id.* at p. 820 ["Whether an acceptance under section 998 is oral or written, it must be 'absolute and unqualified' as required by Civil Code section 1585."].) In determining whether a section 998 has been accepted, we " 'focus[] on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made.' " (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 183–184, disapproved on another ground in *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1158.)

"A qualified or conditional acceptance does not form a contract, but constitutes a counteroffer. (Civ. Code, § 1585.) At common law, such a

7

counteroffer terminates the offer; in the section 998 context, however, the statute's prosettlement purpose dictates that a counteroffer does not terminate a section 998 offer but leaves the offer in effect until it expires or is revoked." (*Siri v. Sutter Home Winery, Inc.* (2022) 82 Cal.App.5th 685, 691.) Thus, a party can respond to a section 998 offer with a counteroffer and still retain the right to accept the offer later. In addition, "[n]othing in California law requires a response by an offering party when the offeree raises objections or questions regarding the offer." (*Smalley v. Subaru of America, Inc.* (2022) 87 Cal.App.5th 450, 461, as modified (Jan. 11, 2023).)

"The issue of whether a section 998 offer is enforceable, and the application of section 998 to an undisputed set of facts, presents questions of law, which we review de novo." (*Westamerica Bank v. MBG Industries, Inc., supra*, 158 Cal.App.4th at p. 130.)

II

*Analysis*

As stated, Gonzalez asserts that Bowens's email on March 22, 2023 did not constitute an acceptance of her section 998 settlement offer because it was not "absolute and unqualified," and instead requested a release and dismissal, rather than a judgment. Bowens responds that her email was an unqualified and absolute acceptance, and that her request for a release was a separate, "simultaneous request." She states the first sentence of her email— "Defendant Dorothy Bowens accepts Plaintiff Sarai Gonzalez's Offer to Compromise in the amount of $40,000.00"—was not intended to be qualified. And the second sentence—"However, rather than allowing judgment to be entered against Ms. Bowens, we request that Plaintiff execute a Release Agreement"—was untethered to that unqualified acceptance. Put simply, Bowens contends that because the first sentence was not conditioned on

8

Gonzalez agreement to the second sentence, the second sentence did not prevent her acceptance of the offer.

We agree with Gonzalez that Bowens's interpretation of her email is not reasonable and that the trial court erred by concluding Gonzalez's settlement offer was accepted. A more logical interpretation of the email is that Bowens accepted the amount of the settlement offer, but was requesting a change to the term of judgment against her. As Gonzalez states, her offer contained three terms, a settlement amount of $40,000, judgment entered against Bowens, and that each party bear their own costs and attorneys fees. The email accepted the settlement amount, but proposed a change to the judgment term, and was silent with respect to fees and costs.[2] This was not, as Bowens argues, an absolute and unqualified acceptance of the offer.

In support of her argument, Bowens points primarily to section 61 of the Restatement Second of Contracts. It states: "An acceptance which requests a change or addition to the terms of the offer is not thereby invalidated unless the acceptance is made to depend on an assent to the changed or added terms." (Rest.2d Contracts, § 61 (1981) (Restatement, § 61).) The comment to the section further provides, "An acceptance must be unequivocal. But the mere inclusion of words requesting a modification of the proposed terms does not prevent a purported acceptance from closing the contract *unless, if fairly interpreted, the offeree's assent depends on the offeror's further acquiescence in the modification.*" (*Ibid.*, italics added.) The

---

[2]     In the absence of an agreement with respect to fees and costs, the prevailing party retains the ability to seek them after entry of judgment pursuant to section 998. (See *DeSaulles v. Community Hospital of Monterey Peninsula, supra*, 62 Cal.4th at p. 1154 ["if a settlement agreement, compromise offer pursuant to section 998, or stipulated judgment is silent on the matter of costs, the plaintiff is not barred from seeking costs"].)

9

facts here fall squarely within this italicized exception. Fairly interpreted, Bowens's assent depended on Gonzalez's response to Bowens's request for a release rather than her acceptance of judgment being entered against her.

The examples Bowens provides, which are the two illustrations set forth in section 61 of the Restatement, bear out this conclusion. The first states: "A offers to sell B 100 tons of steel at a certain price. B replies, 'I accept your offer. I hope that if you can arrange to deliver the steel in weekly installments of 25 tons you will do so.' There is a contract, but A is not bound to deliver in installments." (Restatement, § 61.) In the illustration, because the offeror did not propose any term with respect to delivery, B's response was merely a request for an additional agreement. Here, in contrast, because the original offer included the term of judgment being entered against Bowens, her request for a release and dismissal proposed a modification to the original offer. Thus, no contract was formed.

The second illustration states: "A offers to sell specified hardware to B on stated terms. B replies: 'I accept your offer; ship in accordance with your statement. Please send me also one No. 5 hand saw at your list price.' The request for the saw is a separate offer, not a counter-offer." (Restatement, § 61.) Like the first illustration, B's reply is an unequivocal acceptance of the offer with an additional separate offer for another agreement for the hand saw. Here, Bowens's email contained a proposal to modify the initial offer, not, as in the Restatement's two illustrations, an additional term that Gonzalez could accept or reject. For this reason, no settlement agreement was accomplished by Bowens's March 22, 2023 email. (See *Bias, supra*, 103 Cal.App.4th at pp. 820–821 [response to a section 998 settlement offer, which was silent as to costs, that proposed the parties would bear their own costs

10

was not an unqualified acceptance that supported entry of judgment; rather it constituted a counteroffer].)

Bowens also argues that her counsel's "March 27 letter confirming that there was a settlement" constituted an acceptance of Gonzalez's settlement offer. This argument fails for the same reasons. The letter asserted the "case has been settled in its entirety for $40,000.00" and enclosed a release and request for dismissal. The letter requested return of the signed release and stated that Bowens's counsel would "file the Dismissal only after the settlement funds have been issued to your office." As with the March 22 email, the letter did not unequivocally accept the terms of Gonzalez's section 998 settlement offer. Instead, it repeated Bowens's proposal to modify the offer to allow dismissal and release, rather than enter judgment against Bowens as set forth in the Gonzalez's offer. Accordingly, we agree with Gonzalez that no settlement agreement was reached by virtue of the March 27, 2023 letter. (See *Guzman v. Visalia Community Bank* (1999) 71 Cal.App.4th 1370, 1376 (*Guzman*) [An acceptance of an offer "must not add additional or different terms from those offered. Otherwise, the 'acceptance' becomes a counteroffer."].)[3]

---

[3]  In its order denying Gonzalez's motion to vacate the judgment, the trial court cited *Guzman* to support its determination that the March 22 email was merely a request for an additional term, not a proposed modification. In *Guzman*, the defendant employer's counsel served an offer to settle the employment dispute for $60,000. (*Guzman, supra*, 71 Cal.App.4th at p. 1373.) In a subsequent telephone conversation with defendant's counsel, plaintiff's counsel stated, "she thought the offer was insulting and demeaning." (*Id.* at p. 1374.) The parties agreed, however, that plaintiff's counsel did not reject the offer. (*Ibid.*) Thereafter, the trial court issued a tentative order granting summary judgment, which prompted plaintiff to accept the still pending section 998 settlement offer in writing. (*Id.* at p. 1373.) At the hearing on the summary judgment motion the next day, the trial court rejected the plaintiff's assertion a settlement had been reached,

11

Gonzalez also argues the trial court erred by adjudicating whether a settlement was reached prior to entering judgment. She asserts that once a settlement offer pursuant to section 998 is accepted, the statute requires the clerk or court to perform "the purely ministerial task of entering judgment according to the terms of the parties' agreement." Because we agree with Gonzalez that the trial court erred by denying her motion to set aside the judgment, we decline to reach the now moot question of whether the court also erred by adjudicating the existence of a settlement under section 998 before entering judgment. (*See In re Arroyo* (2019) 37 Cal.App.5th 727, 732 ["This court is bound to ' "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." [Citations.]' [Citation.] Consequently, " '[a] case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." ' "].)

---

finding that her counsel's statement that the offer was insulting was a rejection of the offer. (*Ibid.*) Plaintiff appealed, and the Court of Appeal agreed a settlement was reached, holding that plaintiff's counsel's statement did not constitute a rejection of the offer and thus it remained open when plaintiff accepted the terms after the tentative order granting summary judgment. (*Id.* at p. 1377.)

*Guzman* does not address the question here, and does not support a conclusion that a settlement agreement was reached in this case. Rather, as discussed, the March 22 email (and March 27 letter) contained a proposal to modify a term that was part of Gonzalez's settlement offer. It was not merely a request for an additional term.

DISPOSITION

The judgment is reversed.  Appellant is awarded the costs of appeal.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.


13